**In re Robert PONTARELLI, Debtor.**

**Bankruptcy No. 93–11484.**

United States Bankruptcy Court,
D. Rhode Island.

June 14, 1996.

Robert Pontarelli, pro se.

Jason Monzack, Chapter 7 Trustee, Cranston, RI.

*ORDER GRANTING FEE APPLICATION, AND DIRECTING TRUSTEE TO SEEK CONTRIBUTION FROM OTHER BENEFICIARIES*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on May 1, 1996, on the fee application of Al Varetta, a public adjuster hired by the Trustee to negotiate a claim against Providence Washington Insurance Company, arising from a fire loss that occurred on January 19, 1994. After hearing, Mr. Varetta is awarded fees in the amount of $29,765 for services rendered in adjusting this claim, wherein he achieved a settlement of $605,992.

The proceeds of the recovery have been distributed as follows: (1) $449,107 to the Trustee [1] (the loss occurred postpetition); (2) $119,073 to the Debtor's wife, Rhonda Pontarelli, who was not represented during the negotiations; (3) $17,840 to the Debtor's son, Victor Pontarelli, also unrepresented; [2] and (4) $19,560 for debris removal. Mr. Varetta testified, and we agree, that it would have been impossible to perform the required services without conferring at the same time, a benefit to Mr. and Mrs. Pontarelli and to their son Victor. Apparently, the Trustee intends to pay Mr. Varetta's entire fee out of estate assets. We see no reason why the creditors of this estate should pay any fees for professional services that benefited only the Debtor and his family, and which conferred no value to the estate or its creditors. [3]

---

1. The Debtor's Schedule C lists exempt personal property in the amount of $2,500. He also claims a $7,500 exemption in his home. As to this exemption, the property was over-encumbered, so the real estate exemption is not available to the Debtor. As to the $2,500 in personal property, we assume the Debtor will argue that he is entitled to $2,500 of the insurance proceeds because all of the personal property was destroyed in the fire.

2. Mr. Pontarelli's other son, Robert Jr., received the de minimus amount of $412, which is not included in our consideration herein.

3. This was not a garden variety fire loss, where the usual issues are the identity of destroyed or damaged property, and the value of such damage or loss. This entire claim was seriously contested by the insurance company as a suspected arson, and with the past record of the Debtor and his wife vis-a-vis insurance fraud, there is

Accordingly, the Chapter 7 Trustee, Jason Monzack, Esq., is ORDERED to take whatever action is necessary, including the commencement of adversary proceedings against the Debtor, his wife, Rhonda Pontarelli, and his son, Victor Pontarelli, requiring them to contribute and to pay a portion of Mr. Varetta's fee, based proportionally on the benefit they each received from his services.

---

little question that if the Pontarellies were personally pressing this claim, any recovery by them would have been subject to *all* of the usual fees and expenses. The fact that the Trustee handled the entire matter should not result in a windfall to the Debtor and his family.